**Doris M. GONZALEZ, Plaintiff,**

v.

**William A. HALTER, Acting Commissioner of Social Security, Defendant.**

**No. 00–CV–6326L.**

United States District Court, W.D. New York.

July 9, 2002.

**138**

Doris M. Gonzalez, Rochester, NY, Pro se.

Brian M. McCarthy, Asst. U.S. Atty., United States Attorney, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that plaintiff, Doris Gonzalez, is not disabled under the Social Security Act, and therefore, is not entitled to disability benefits. As discussed below, the Commissioner's decision is affirmed, and this action is dismissed.

## BACKGROUND

Plaintiff Doris Gonzalez was born on March 10, 1953. (Tr. 111, 440.) [1] She does not speak English. (Tr. 22, 37, 465–66.) Her previous work experience includes work as an office cleaner and as a packer on an assembly line. (Tr. 23, 40–42, 131, 463.) This work required lifting and carrying no more than 20 pounds and standing and walking most of the day. (Tr. 42, 131, 137.) She applied for SSI benefits on March 5, 1998. (Tr. 111–113.) In her application for SSI (Dkt.# 1), plaintiff alleges that her back pain, diabetes and "heart troubles" became disabling on May 6, 1991. Her application was denied initially and on reconsideration. (Tr. 87–91, 94–97.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in the case on July 27, 1999 (Tr. 31–63.) The ALJ decided that plaintiff was not entitled to benefits and denied her claim. (Tr. 10–17.) The ALJ's decision became the Commissioner's final decision on February 16, 2001, when the Appeals Council denied

---

**1.** "Tr.__" refers to the page of the transcript of the Administrative Record filed by the Commissioner with his Answer.

plaintiff's request for review. (Tr. 7–8.) Plaintiff commenced this action on July 12, 2000, seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

In determining whether plaintiff was entitled to receive disability benefits, the ALJ proceeded through the required five-step inquiry. *See Tejada v. Apfel*, 167 F.3d 770, 774 (2d. Cir.1999)(discussing the five-step process delineated in the relevant regulations); 20 C.F.R. § 416.920. At the first step of this inquiry, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 5, 1998. (Tr.13.) Next, the ALJ found that plaintiff suffered from multiple impairments, primarily back pain and diabetes that caused some degree of limitation. (Tr. 16.) The ALJ then found that these impairments did not meet or equal the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.*) The ALJ proceeded to the fourth step and determined that plaintiff had the residual functional capacity ("RFC") to lift/carry up to twenty pounds occasionally and ten pounds frequently, and had no limitations in sitting, standing or walking. (Tr. 15.) This ALJ determined that this RFC was sufficient for plaintiff to engage in her previous work as an office cleaner or packer. (Tr. 16.)

I find that the ALJ's decision that plaintiff is not disabled is supported by substantial evidence on the record. As such, it must be affirmed.

■ The Commissioner's decision that plaintiff was ineligible to receive benefits must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *see also Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Thus, "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant [is] disabled." *See Melville v. Apfel*, 198 F.3d 45, 52 (2d. Cir.1999). "The medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *See Shaw v. Chater*, 221 F.3d 126, 134 (2d. Cir.2000); 20 C.F.R. § 416.927(d)(2). In determining what weight to give a treating physician's opinion, the Commissioner must consider:

(1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship"; (3) the extent of "relevant evidence" presented "to support an opinion"; (4) whether the opinion is consistent "with the record as a whole"; and (5) whether the opinion is offered by a specialist.

20 C.F.R. § 416.927(d)(2)(i)-(ii) & (d)(3)-(5). The ALJ is also required to articulate his or her "reasons for the weight she assigns to the treating physician's opinion." *See Shaw v. Chater*, 221 F.3d at 134.

■ Here, it is undisputed that Elizabeth Romero, M.D., is plaintiff's treating physician. Dr. Romero noted that plaintiff's back pain was "well controlled" by the drug Flexeril. (Tr. 224.) Somewhat contrary to this statement, Dr. Romero also opined that plaintiff was "very limited" in the areas of lifting/carrying, pushing/pulling, and bending/climbing. (Tr. 205.) She also noted that the only impairment which was expected to last at least twelve months was plaintiff's diabetes. (Tr. 206.)

Dr. Romero's opinion concerning plaintiff's limited ability to move is not supported by medical evidence. An MRI of plaintiff's spine in 1996 indicated only a mild disc bulge at L5–S1, and an x-ray of the lumbar spine revealed minimal degenerative changes. (Tr. 224, 220.) Karl Auerbach, M.D., a consultative examiner retained by the Commissioner, limited plaintiff's lifting to less than thirty pounds (Tr. 284). He believed that plaintiff had a full range of motion, was not limited by diabetes, and he evaluated her flexion and extension of the lumbar spine as normal. (Tr. 284.) Jon Miller, M.D., a State Agency medical consultant, found that plaintiff could lift/carry up to twenty pounds occasionally and ten pounds frequently, and that she could stand/walk for six hours and sit for about six hours in an eight-hour day. (Tr. 156–163.) A second State Agency consultant Alberta Micale, M.D. evaluated plaintiff as capable of performing light work. (Tr. 324.) Opinions of non-examining sources, if supported by evidence in the record, may override treating source opinions. *See Diaz v. Shalala*, 59 F.3d 307, 313 fn. 5 (2d. Cir.1995). Finally, Luis Papa, M.D., plaintiff's treating physician from August, 1994 to June, 1995 indicated at that time plaintiff was capable of full-time employment. (Tr. 169–170.) Both the objective medical evidence and the several medical opinions of consulting physicians support the Commissioner's decision. Without evidentiary support for Dr. Romero's opinion, her evaluation is not entitled to controlling weight.

The ALJ may determine whether a claimant's subjective complaints of pain are supported by medical evidence in the record establishing the existence of a "medically determinable impairment." 20 C.F.R. § 416.929(b). In evaluating a claimant's complaints of pain, the ALJ may consider:

(i) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of claimant's pain or other symptoms;. . .[and] (vi) measures used to relieve pain or other symptoms.

20 C.F.R. § 416.929(c)(3).

During the administrative hearing, plaintiff testified that the severity of her pain was a "5" or "6" on a scale of ten, but that use of a hot pad and medication would reduce her pain to a "3" or "4". (Tr. 62.) When asked to recount her daily activities to the ALJ, she acknowledged that she could cook, wash dishes, sweep, vacuum, do laundry, go to church twice a week, visit her daughters, and walk from her home to stores downtown. (Tr. 44–45.) She also reported that she walked an hour a day for exercise. Also, the ALJ noted plaintiff had not had any injections, pain management or "significant" pain medication since her breast reduction surgery. (Tr. 13; Tr. 198–218, 345–352.) Finally, plaintiff herself acknowledged or demonstrated during the hearing that she could lift and carry a gallon of milk, cradle and carry and 20 pound bag of potatoes, use her hands and arms to push and pull, reach her hands and arms over her head, stoop down and climb stairs. (Tr. 51–54.) From this evidence, the ALJ found that plaintiff's subjective allegations of pain were not credible. I concur with the ALJ's determination in this regard.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. # 9), is granted, and the complaint is dismissed.

IT IS SO ORDERED.